# THE COLORADO LAW REPORTER.

| VOL. II.] | DENVER, JUNE, 1882. | [No. 10 |

## MILLER, Administratrix, *et al. v.* BLAKE.

(*Supreme Court of Colorado, April Term, 1882—Error to the District Court of Boulder County.*)

1. MISJOINDER OF PARTIES. The personal representative of a joint obligor cannot be joined with co-obligor in an action on a joint and several bond, since the judgment against one would *de bonis propriis*, and against the other *de bonis intestatoris;* but suit so brought may be dismissed as against either party, and judgment rendered against the other.

2. SAME—DEMURRER. Such misjoinder of parties is cause for demurrer; but the defendants appearing, pleading, and going to trial without such objection, should not be heard to complain that the misjoinder was, at a later period, corrected by the plaintiff.

STONE, J. The suit below was upon a joint and several bond. The surviving obligor and the administratrix of the deceased joint obligor, the plaintiffs in error herein, were made the defendants. After verdict for the plaintiffs below, the defendants moved in arrest of judgment on the ground of misjoinder of parties defendant, and thereupon the plaintiff moved to dismiss the action as to the surviving obligor. This latter motion was allowed by the Court, the motion in arrest of judgment was overruled, and judgment rendered against the administratrix, as such, the judgment to be paid out of the estate of her intestate in the due course of administration.

The ruling of the Court upon these motions, and the rendition of the judgment as stated, constitute the grounds of the errors assigned.

It is conceded that the defendants were improperly joined, since judgment against the one would be *de bonis propriis*, and against the other *de bonis intestatoris*.

That the plaintiff in such case may elect to dismiss the action as to either defendant, and take judgment against the other, is a

55

procedure clearly sanctioned by this Court, in the case of *Matti-son* v. *Childs et al., executors, etc.*, 5 Colo. In that case judgment was rendered in the Court below against the executors of a deceased obligor jointly with one Russell Fisk, a surviving obligor, and upon appeal to this Court it was held that "the judgment be reversed, with leave to dismiss the complaint as to the defendant, Russel Fisk, and move for a judgment against the executors *de bonis testatoris*."

Under the practice provisions of the Code, Section 51, the misjoinder in this case was ground for demurrer by defendants, but after appearing, pleading, and going to trial without such objection to the complaint at an earlier stage of the proceedings, the defendants should not be heard to complain that the misjoinder was subject to be corrected at a later stage by the other party.

Judgment affirmed.

Mr. Justice Beck, having presided at the trial below, took no part in this decision.

*W. A. Hardenbrook*, for plaintiff in error.

*R. H. Whiteley*, for defendant in error.